EXCEPTION TO SF-50 -- APPROVED FOR FILING IN OFFICIAL PERSONNEL FOLDER

DEPT. OF HOMELAND SECURITY          AGENCY:  CUSTOMS & BORDER PROTECTION          POI:  28

EMPLOYEE NAME: PAYTON, MARSHA          SOCIAL SECURITY NO. ███████-8247          DATE OF BIRTH: 12/22/19

CHRONOLOGICAL LISTING OF PERSONNEL ACTIONS

EFFECTIVE DATE: 09/15/2004          ACTION: 330 REMOVAL          LEGAL AUTH: Y6J 5 USC 75 POSTAPET

RETIREMENT PLAN: CS          ANNUITANT INDICATOR: NOT APPLICABLE          SCD LEAVE:    09/30/19
FEGLI: BASIC-3X ADDITIONAL-1X FAMILY          VETERANS PREFERENCE: NONE          TENURE: PERMANENT
                                            VETERANS PREFERENCE (RIF): NO

POSITION OCCUPIED: COMPETITIVE SERVICE          FLSA: EXEMPT          PAY BASIS: PER ANNUM
WORK SCHEDULE: FULL TIME          PART TIME HRS (BIWEEKLY):          TOTAL SALARY/AWARD:    75
PAY PLAN/SERIES/GRADE/STEP: GS-0301-12 -08          DUTY STATION: MIAMI   MIAMI-DADE   FL          BASIC PAY:    65
POSITION NUMBER: 13520999  S0336A          POSITION TITLE: MANAGEMENT PROGRAM SPECIALIST          LOCALITY ADJ:    10
ORGANIZATION: 1352000901020000          BARGAINING UNIT STATUS: INELIGIBLE          OTHER PAY:
          BUREAU OF CUSTOMS AND BORDER PROT          PAY RATE DETERMINANT: REGULAR RATE          ADJ BASIC PAY   75
          OFC FLD OPS
          MIAMI - FIELD OPERATIONS
          MIAMI - PORT OPERATIONS

REMARKS: FORWARDING ADDRESS=

          P O BOX 970425
          COCONUT CREEK, FL 33097-0425
     LUMP-SUM PAYMENT TO BE MADE FOR ANY UNUSED ANNUAL LEAVE
     HEALTH BENEFITS COVERAGE IS EXTENDED FOR 31 DAYS DURING WHICH YOU ARE
     ELIGIBLE TO CONVERT TO INDIVIDUAL POLICY (NONGROUP CONTRACT). YOU ARE
     ALSO ELIGIBLE FOR TEMP CONTINUATION OF YOUR FEHB COVERAGE FOR UP TO
     18 MTHS
     SF-2819 WAS PROVIDED. LIFE INSURANCE COVERAGE IS EXTENDED FOR 31 DAYS
     DURING WHICH YOU ARE ELIGIBLE TO CONVERT TO AN INDIVIDUAL POLICY (NON-
     GROUP CONTRACT)
     REASON FOR REMOVAL - ABSENCE WITHOUT LEAVE  FAILURE TO FOLLOW INSTRUCTIONS
      INSUBORDINATION  RECKLESS DISREGARD FOR THE SAFETY OF OTHERS

PROCESSING PAY PERIOD  18 2004

THIS IS AN OFFICIAL DOCUMENT APPROVED BY OPM WHICH CONSTITUTES PERSONNEL ACTIONS BEGINNING     SEPTEMBER 28, 1997 TO PRESENT

Miami, Florida location (Brickell Plaza) on August 30 and I was denied Entry on Duty by the agency representative at that time Ms. Lisa Zito, of Office Associated Chief Counsel (OCC). August 31, I visited CBP Global Entry at the Miami Airport, but had not Appointment to Enter on Duty.  As you know Prior to the Attorney(OCC) Rival/Civil cases against ME, MARSHA PAYTON and ultimately the Federal Government my employer CBP has tried to restore me back to work as I was and was proven innocent at the U.S. MSPB Court hearing AT-0752-05-0043-i-1 on January 13, 2005, see January 19, 2005 reply from OCC.  EEOC 150-2005-00157x and 00158x, was deemed to settle by EEOC, but the guilty DFO Winkowski/Attorneys did not comply. ADR Program #005-030Feb-March 2005.

**Submission of Personnel Action /SF- 52:**  CBP has reorganized serval times, Entry on Duty, SF-52 was initiated by the DFO (position).  March 18, 2016 through August 25, 2016 after the EEOC (DHS) Presidential, Orlando Florida Area Director CBP had to decline my return to Orlando Florida CBP (Middle District location) as Entry decisions are made at DFO position level (Miami CBP). December 5, 2022 the OCC acknowledge Res Judicata, Marsha Payton's innocence again. December 6, 2022, I identified OCC to be in Contempt of and insubordinate of Courts, MSPB, FL District, EEOC and as Pro Se asked CBP DFO/Zito/Redar/Kuhn to move forward as after the MSPB January 13, 2005 hearing in processing my Federal Restoration Rights.  I await the OCC Attorneys to stop the Civil, unemployment and Investigative harassment (Collateral Estoppel); and for the Court (s) and OCC Attorney to follow through on processing my Federal Restoration Rights (Res Judicata, Innocent Marsha Payton to Management Program Specialist, GS-301-12 step 8, September 15, 2004, CBP Agency.  I was legally hired/qualified  and eligible for all of my Federal positions. Pending Federal Restoration Rights through the Court, LER, CBP Agency, Agency Representative, and Human Resource/Payroll.  (i.e. COVID-19 Pandemic, Federal Investigation, Administrative Leave, etc.)  I await to get paid while at home (i.e. COVID-19 pandemic pphase1, 2,3) or returned to office.

**Attachments:** EEOC 2023000703  Marsha Payton Federal MSPB Res Judicata and Collateral Estoppel 3/ /2023
          Background investigation from Volusia County and Miami Dade county previously submitted for 2022 and 2023.

Collage:   January 19, 2005/OCC; October 5, 2011/OCC and March 16, 2016 2nd EEOC/DLA Presidential reply
          June 06 ,2019 and May 28, 2020Georgia Case Closed no Relief and October 28, 2021 ND-FL Res Judicata
          October 4, 2022 List of Pro Se Case after January 13, 2005 Res Judicata MSPB AT-0752-05-0043-i-1
March 7, 2023          EEOC OFO No. 2023000701 Decision of Request for Reconsideration (4pgs)
February 14, 2023     EEOC Public Portal Request to add CBP Agency as Respondent, not just OCC Representatives
February 10, 2023     U.S. MSPB AT4324200483i1 reply to EEOC OFO 2023001876   (February 8, 2023 How do you Plead?)
October 20, 2022     3rd U.S. Presidential Biden Staff reply to Administrative EEOC No. 2022001529; 2nd reply
June 23, 2022        7th Judicial Circuit, Volusia County (Ormond Beach #08090573) #No. 2009-48303MMAES /shots fired/ID/DL
February 4, 2022     MSPB letter Acknowledging Res Judicata January 13,2005 MSPB AT-0752-05-0043-i-1
December 8, 2021    U.S. EEOC Miami District Office  Dismissal No. 510-2021-00195x (page 1)
October 28, 2021    Barred by Res Judicata - Northern District of Florida – Tallahassee **4:17cv-00204-MWCAS** Middle  District
          **6:21-cv-96-Orl-78DCl/WWB CBP Tampa;  Southern Florida Miami District** 1:15-cv-24573-KMW
January 27, 2021    No Claim, Southern District of Florida – Miami reply Case: 1:15-cv-24573-KMW
January 7, 2020    USERRA offer of temporary Legal Assistance for 60 days, Withdrew May 19, 2020(other service)
October 25 20149   USERRA reply from OSA VETS (C.Spry) #FL2020-00005-30-N  (Non Military -Veteran)
July 15, 2019        Fraud Attorney RCMahler reply Northern District of Fl 4:17cv-00204MWCASand Appeal #17-13621
March 12, 2018      ECAB Decision #17-0367  (OWCP 062098069 -2003 and 062125337-2004)
December 22(21), 2015 U.S. District Court – Southern District of Florida No. 15-24573-CIV-Williams 1of 3 pages
August 18, 2011    DHS Secretary and CBP Commissioner acknowledging OWCP and MSPB Court return
April 1, 2005        AWI/FDEO #2005-15253 Notice of Reinstatement back to Federal Government
February 17, 2005 Federal Executive Board ADR #005-030; Recommend EEOC Mediate150-2005-00157x/00158x
January 19, 2005  OCC Acknowledge MSPB(innocence)AT-0752-05-0043-i-1/EEOC150-2005-0157x/00158x
September 15, 2004 Personnel Notification (SF-50) Marsha Payton Removal (Fraudulent Removal)
January 31, 2003   Email of Reassignment of Supervision in CBP and 2003 CBP Re-Organization Chart
March 6, 2001        EEO Settlement Agreement: TD:  00-2345Department of the Treasury, Regional Complaint Center pg2

*Marsha Payton*
Marsha Payton, Pro Se, former DHS, CBP, Management Program Specialist (Admin), GS-301-12/step 8
CC only no reply:  Department of the Treasury, OCC;  OWCP; DHS

=============================================================================

Clerk of the Board                                                    Marsha Payton
U.S. Merit System Protection Board                        1957 Charleston House Way
1615 M. Street, NW                                              #7203
Washington, DC 20419                                        Holly Hill, Florida 32117
202 653-7200                                                      386 679-6402

Office of the Associates Chief Counsel                   February 8, 2023     pg 1/3
DHS, Customs Border Protection
909 S.E. 1st Avenue, Suite 606                              CC: EEOC public Portal/CBP
Miami, Florida 33131                                              EEOC OFO, P.O. Box 77960
305 536-432 1(Ms. Lisa Zito/Mr. Brian Redar)          WA DC  20013
EEOC 2023000701: Sanction SF-52 Personnel Action CBP employer, Civil Rights Violation – Employment CBP for Marsha Payton

Subject: <u>Dockets "PRO SE/ Ex Parte", Marsha Payton Separate Settlement Fund for Lawyers - OPM Data Breach Settlement August 2022</u>   Oct 4, 2022   page 4/7
Re: Marsha Payton, Management Program Specialist (Admin), GS-0301-12 Step 8, Fraudulent Removal, OWCP, DHS, CBP, Miami, Florida

**4b.** Invasion/Civil War – Outside Domestic Violence/Vandalism, Resident Harassment, Financial Harassment, Non-Frivolous cases, Unemployment-denied restoration rights, Prohibited Personnel Discrimination, and vice U.S. LAW and U.S. Regulations.
   13 cases U.S. Merit System Protection Board Court Acknowledgment Orders to settle with me, PRO SE, Complainant, Marsha Payton
    12 MSPB dockets, MSPB ordered the Agency and Appellant to settle in 35 days (in my favor, Innocent Marsha Payton AT-0752-05-0043-i-1 w/ CBP).
     Not just one, not just seven, but all Thirteen MSPB dockets; as such with the Other Courts.

As my search for an Attorney went weeks, months, became years, then decade …18 years.  Congress, NELA/California Bar Association Florida Bar Association 18 years, Florida County Bar(s), Georgia Bar Association, Washington DC Florida Bar Association, Morgan and Morgan, Rue and Ziffra, Boggins/Munns 2, Virginia State Bar, Law Firms, Private Firms, Military/USERRA Request for Assistance, Pro Bono, Requested Court Appointed Attorney all denied, withdrew, unable to pay retaining fee, etc.  (Labor, Workers Compensation, Criminal, Family, Employment/Unemployment, Personal Injury, Fraud, Civil, etc.)

COVID19  March 13, 2020 through  Phase 1, 2, 3, Reopening U.S. A. Again, now not just me but the entire U.S. was Unemployed, but they were getting paid, I was not.
FEMA/Disaster Assistance/Insurance some Hurricanes in Florida since2004: Charley, Frances, Ivan, Jean Irma, Wilma, Michael, Matthew, with IAN most recent, and flooding and loss of property/houses.

<div align="center"><strong>OUT OF POCKET EXPENSES</strong></div>

| OWCP OPM / OIG | Corrective Action MSPB OSC | writ/I pauperis Form 6/8/10/11 District Court / Supreme Court | Form 185 USCAFC | MSPB |
|---|---|---|---|---|
| 4367886   OIG 04-03635 | MA-00-2363 | 4-61450 November 2004 | 08-6472 OPM | OUT of TIME March 2, 2006   AT-0752-05-0043-i1 |
| 062098069   OIG 05-11372 | MA-04-1563 | 1:15-24573-CIV-WILLIAMS | 10-7659  DHS | DC-831E-07-0603-i1 |
| 062125337 | MA-06-2693 | 4:17-cv-00204-MW-CAS(2021Eeoc) | 12-9925  DHS | AT-0351-07-0680-i1 |
| ECAB#17-0367 | MA-06-2358 | 6:17-cv-812-ORL-18DCI(DHS) | 12-10149 MSPB | AT-1221-07-0681-i1 |
| Dec 10 2020 CSRS Appl | MA-06-2275 | 6:17-cv-1339-Orl-18TBS(OCC) | 13M94  MSPB | AT-0752-07-0679-i1 |
| Sent to CBP. Sent to OPM | MA-11-3365 | 6:20-cv-1123-Orl-40DCI/PGB(eeo) | (17) 16-9546 MSPB | AT-3443-07-0682-i1 |
| denied April 5, 2021. | DoI Vet/crcl 08-VA-007 | 1:21-20176-CIV-Atlonaga | 2013-3011 | AT-0353-09-0770-i1 |
|  | USERRA | 6:21-cv-96-Orl-78DCI/WWB | 2017-1068 | AT-1221-11-0957-W1 |
| 2008 State Farm Ins | Vet c.spry/j.savage/p.boulay | Georgia 11th Appeal Court (Civil/Criminal/Agency) |  | AT-0353-11-0956-i1 |
| see Traffic/domestic | 2020-00005-30-N-R | (ND -Tall)  17-13621-D/DD/AA (vice Unemp/fed owcp-cbp) |  | AT-1221-12-0080-W1 |
|  |  | 18-11518A (vice ECAB) |  | AT-0353-16-0369-i1 |
|  |  | 20-12442-G (vice EEOC OFO) |  | Jan- April 2019 MSPB w/Attorney withdrew |
|  |  | (ND/SD/MD-Orl)21-13158-J/JJ (Florida Supreme Court) |  | AT-4324-20-0483-i1(Eeoc Ap) |
|  |  | MD-Jacksonville 3:19-cv-00605-MMH-MCR (vice ProSe-OWCP Attorney) |  |  |

| U.S. Post Office) EEO TREASURY SSA/ssi | Traffic/ DOMESTIC | AWI/FDEO | FLRA | CBP EEO/OFO EEOC CRCL/HSCBP | US Congress (not all included) |
|---|---|---|---|---|---|
| TD:00-2345 | 2008OMB | 04-18860 | 2005-15253F/U | AT-CA-04-0361 | TD:00-2345settlmt  04-0260 | 2004(Meek/T.Deutsh/Clay) |
| (Cz25024698) | 2017 | 04-18856 | 2005-1746F | AT-CO-04-0362 | 150-2004-165   04-0291 | 2005(D.Wasserman) |
|  |  | 04-18727 | 08-04310 | AT-CA-13-0506 | 150-2005-157/158x 03-2276 | Phidd v. Payton 05-19096 (A762282) |
| 2005 -2018 IRS |  | 04-18728 | 4d08-3184(6?) | AT-CO-19-0471 | 0120070697   03-232c/04-4042 | 2008 (FL, VA/DC) |
|  |  | 05-153AC10 | Failed/ADR 60 temp Retirement | 0520090417   2576-2014 | 2014 (R. DeSantis-FL congr) |
|  |  | 05-077751t140a | EEOC DC cease monitoring March 2006 | 06A21670 | HC01572-2014 | 2016 (R. Scott/FL Gov) |
|  | MiamiDPD S-battery419705C-2004 | AT-CA-19-0472 | 0520150486 | 25703-2016 | 2020  (M.Waltz/FL Res Har) |
|  | 9/28/2008 State Farm Insurance 59-A086-676 |  | 0520150380 | HC00194-2020 |  |
|  | (Shots Fired/disability placard/DL v ID-Sunday) |  | 0120162189 | 2019-04-FSP-0028Payton |  |
|  | 7th Circuit/Volusia County FL Court,CTC09-48303MMAS |  | 0520170098 |  |  |
|  |  |  | 570-2020-01248x |  |  |
|  |  |  | 2020004009 |  |  |
|  |  |  | 2021000324 |  |  |
|  |  |  | 510-2021-00195x |  |  |
|  |  |  | 2022001529 |  |  |
|  |  |  | 2023000701 |  |  |
|  |  |  | 2023001876 |  |  |





Secretary Janet Napolitano and Commissioner Alan Bersin Acknowledge DOL,OWCP in my case.  March 16, 2016 through EEOC's Legislative Affairs Director,
the U.S.A. President acknowledged the Restoration Rights Delegation n my case as being under DHS, CBP Component. SF-50/SF-52, Personnel Notification

Action Point of contacts: Pending Restoration Rights letter of Entrance on duty acknowledgement from DHS CBP Component.

**U.S. Customs and Border Protection**

JAN 1 9 2005

MI-2005-1241

Marsha Payton
P. O. Box 670425
Coconut Creek, FL 33067

Re: Payton v. Ridge EEOC Case No.: 150-2005-00157X; 150-2005-0915BX.

Sincerely,

Rebecca A. Laws
Agency Representative

---

**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE**

MARSHA L. PAYTON          DOCKET NUMBER
Appellant                 AT-0353-11-0959-I-1

DEPARTMENT OF HOMELAND     DATE: OCT - 5 2011
SECURITY
Agency.

**AGENCY MOTION TO STAY ACKNOWLEDGEMENT ORDER**

The Agency has filed a non-frivolous Motion to Dismiss this action based on res judicata. Therefore, the Agency seeks to stay the requirements of the Acknowledgement Order until such time as the Administrative Judge has time to rule on the Agency's Motion. The Agency also seeks to be relieved of any obligation to enter into settlement discussions with Appellant per the "Settlement" section of the Acknowledgement Order, because it has no settlement offer to make to the Appellant, who has been separated from the Agency for 7 years and whose removal has been thoroughly reviewed and upheld.

Respectfully submitted,

Linda A. Church
Agency Representative
U.S. Customs and Border Protection
Office of Associate Chief Counsel
909 S.E. 1st Avenue, #600
Miami, Florida 33131
(305) 536-6321, Ext. 103
(305) 536-5861 Fax

---

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

JUN 16 2015

Ms. Marsha Payton
1957 Charleston House Way,
Apartment 7203
Holly Hill, Florida 32117

Dear Ms. Payton,

This is in response to your letter to President Barack Obama regarding your equal employment opportunity (EEO) complaint of discrimination filed against the U.S. Department of Homeland Security (DHS), Customs and Ryder Protection (CBP). The President has asked EEOC to respond directly to you.

As an initial matter, please accept our apologies for our failure to reply to your correspondence in a timely manner. We receive numerous communications in various forms and while we strive to answer every inquiry in an expedient manner, unfortunately some inquiries are not responded to as quickly as we would like.

Regarding your request for an EEOC hearing, a review of our records indicate that CBP dismissed your complaint of discrimination for failing to state a claim pursuant to EEOC's regulations found at 29 C.F.R. §1614.107(a)(1). When to that when a complaint is dismissed by the agency for failing to state a claim, the complainant does not have rights to an EEOC hearing. However, CBP provided you rights to request an appeal of its decision to EEOC's Office of Federal Operations.

On November 27, 2014, EEOC received your appeal, docketed as appeal number 01-2015-0486. EEOC issued a decision on April 15, 2015, informing you that our regulations do not permit an employee to use the EEO complaint process to state a claim. In that decision, proceeding and affirmed the agency's decision for failing to state a claim. In that decision, EEOC provided you with rights to request for reconsideration (RFR) of that decision or file a civil action in an appropriate United States District Court within (90) calendar days from the date you received the decision. On May 5, 2015, you requested reconsideration and as EEOC number 05-2015-0380. At this time, your request for reconsideration is pending a decision.

Lastly, you requested the name of the "Delegating Official" for the Presidential Department of Homeland Security, CBP component for compensable injury restoration rights. EEOC does not have jurisdiction over this matter and we suggest that you contact CBP directly for that information.

---

Ms. Marsha Payton
Page Two

We hope this information is helpful to you.

Sincerely,

Patricia Crawford
Director of Legislative Affairs

Patricia Crawford, Director of Legislative Affairs
Equal Employment Opportunity Commission
131 M St NE,
Washington, DC 20507
(202) 283-5009/202-653-4900

Marsha Payton
1957 Charleston House Way
7203
Holly Hill, Florida 32112

March 22, 2016

SUBJECT: Presidential Reply to Delegation Official and EEOC RFR 05-2015-0380 update.
RE: EEOC 05-2015-0380

Dear Ms Crawford,

Here is an update to your letter commenting on the 4th paragraph of your letter to me, Marsha Payton dated March 16, 2016

April 15, 2015:        EEOC 01-2015-0486 Decision Letter
April 30, 2015:        Complainant Reply Order EEO Involvement, Supreme Court, USCAFC, MSPB
June 11, 2015:         RFR Request for Reconsideration 05-2015-0380
October 15, 2015:      EEOC Decision offer Appeal to District/Civil Court
November 9, 2015/December 9, 2015:    Complainant Reply to Southern District Court-Miami
December 22, 2015:     District Court Closure Case 15-24753-CIV-WILLIAMS (Fraudulent Removal)

Thank you sincerely for the reply from your office.

Marsha Payton, former employee (Mgmt Prog Spec, GS-12)



APRIL 4, 2022
MP-Debt Letter

3 Attachment
June 6, 2019 (Georgia Appeal)
May 28, 2020 (NYSB 16?)
October 28, 2021 (Florida)

Case 4:17-cv-00204-MW-CAS   Document 124   Filed 10/28/21   Page 1 of 3

Page 1 of 3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARSHA L. PAYTON,

    Plaintiff,

vs.                                                   Case No. 4:17cv204-MW/CAS

JOHN F. KELLY, Secretary,
Department of Homeland Security,
et al.,

    Defendants.

_____/

ORDER

Plaintiff, proceeding pro se, initiated this case on May 4, 2017, by
filing a document which was deemed to be a complaint, ECF No. 1.
Plaintiff's motion for in forma pauperis status, ECF No. 3, was granted.
ECF No. 5. Ultimately, Plaintiff's amended complaint, ECF No. 7, was
dismissed for failure to state a claim, and because the claims concerning
Plaintiff's 2004 termination were time barred and barred by the doctrine of
res judicata. ECF Nos. 10, 14. Judgment was entered on July 12, 2017.
ECF No. 18.

(2nd) GEORGIA APPEAL CASE 11:13158.JJ
#17:1362104
JJ-5a/c   IMDO1 #21 cv 06762(MID)
Southern Dist '21 #21

---

Case 4:17-cv-00204-MW-CAS   Document 124   Filed 10/28/21   Page 2 of 3

Page 2 of 3

Plaintiff was denied leave to proceed in forma pauperis on appeal
because her appeal was "so clearly unfounded," and Chief Judge Mark E.
Walker found the appeal was "not taken in good faith." ECF No. 16 at 2.
The Eleventh Circuit Court of Appeals also denied Plaintiff leave to
proceed in forma pauperis, ECF No. 25, and then affirmed the dismissal of
Plaintiff's amended complaint. ECF No. 48. The mandate was entered on
November 1, 2018. ECF No. 51.

Beginning in January 2019, Plaintiff began filing a barrage of
documents in this Court. ECF Nos. 63-102, 104-123. She has bombarded
this Court with filings, sending everything from letters to emails to notices.
Those documents have arrived with frequency, beginning just once a
month throughout most of 2019, but increasing to three times or more a
month since then. See ECF Nos. 63-65, 66-68, 74-80, 87-93, 98-102. In
February 2021, Judge Walker enter an Order in response to Plaintiff's
request for state, ECF No. 102, advising Plaintiff that this case had been
dismissed, affirmed on appeal, and there was nothing left "for this Court to
do." ECF No. 103. Again, the Clerk was directed to "close the file. Id. at 2.

JJ-5 b/c

Case No. 4:17cv204-MW/CAS

---

Case 4:17-cv-00204-MW-CAS   Document 124   Filed 10/28/21   Page 3 of 3

Page 3 of 3

Undeterred, Plaintiff has continued to file a multitude of letters,
emails, and notices on a monthly basis. ECF Nos. 104-123. This practice
must stop. This case is closed and Plaintiff must cease sending
documents to this Court. NO further documents will be accepted from
Plaintiff for filing in this case. If Plaintiff continues to do so, the document
will be returned to her, but only once.

Accordingly, it is

ORDERED:

1. Plaintiff must not submit any further document to this Court to be
filed in this closed case.

2. Because this case is closed, if any further document is received, it
will be returned to Plaintiff without filing.

DONE AND ORDERED on October 28, 2021.

JJ-5 c/c

s/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Marsha Payton, a/k/a
Roxane C.,[1]
Complainant,

March 7, 2023

v.

Alejandro N. Mayorkas,
Secretary,
Department of Homeland Security
(Customs and Border Protection),
Agency.

Request No. 2023000701

Appeal No. 2022001529

Agency No. HS-CBP-00194-2020

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Roxane C. v. Dep't of Homeland Security</u>, EEOC Appeal No. 2022001529 (Nov. 3, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

The record indicates that Complainant filed her complaint alleging discrimination based on race, national origin, sex, religion, color, disability, age, genetic information, parental status, and in reprisal for prior EEO activity when:

1. From January 31, 2003, through September 15, 2004, she was subjected to harassment, culminating in her removal from her position as a Management Program Specialist; and

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2.  On or about October 28, 2019, she was dissatisfied with the information relayed by the
    EEO Counselor.

The Agency dismissed the complaint on numerous grounds, pursuant to 29 C.F.R. §§
1614.107(a)(1), .107(a)(4), and .107(a)(8).  Complainant filed an appeal and the Commission, in
EEOC Appeal No. 202004009 (Oct. 6, 2020), request for reconsideration denied, EEOC Request
No. 2021000324 (Jan. 5, 2021), affirmed the Agency's dismissal.  Complainant subsequently
filed a hearing request with an EEOC Administrative Judge (AJ).  The AJ dismissed the matter
for lack of jurisdiction, noting that the matter was previously adjudicated by the Commission
and/or raised in at least one civil action filed in U.S. District Court.  Complainant appealed, and
the Commission's prior decision dismissed the appeal.

In her request, Complainant provides no evidence to warrant granting her request.  The
Commission emphasizes that a request for reconsideration is not a second appeal to the
Commission.  Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614
(EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No.
0520070736 (Aug. 20, 2007).  Rather, a reconsideration request is an opportunity to demonstrate
that the appellate decision involved a clearly erroneous interpretation of material fact or law, or
will have a substantial impact on the policies, practices, or operations of the Agency.
Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the
request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the
Commission to deny the request.  The decision in EEOC Appeal No. 2022001529 remains the
Commission's decision.  There is no further right of administrative appeal on the decision of the
Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal
from the Commission's decision.  You have the right to file a civil action in an appropriate
United States District Court **within ninety (90) calendar days** from the date that you receive
this decision.  If you file a civil action, you must name as the defendant in the complaint the
person who is the official Agency head or department head, identifying that person by his or her
full name and official title.  Failure to do so may result in the dismissal of your case in court.
"Agency" or "department" means the national organization, and not the local office, facility or
department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may
request permission from the court to proceed with the civil action without paying these fees or
costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may
request the court to appoint an attorney for you.

3                                          2023000701

**You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

March 7, 2023
Date

4                                              2023000701

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Marsha Payton
1957 Charleston House Way
Apt. 7203
Holly Hill, FL  32117
Via U.S. Mail

Executive Director, Office of Equal Opportunity
U.S. Customs and Border Protection
Via FedSEP

March 7, 2023
Date

Compliance and Control Division

# Marsha Payton - Adding CBP as the Agency for replies

From:   marsha payton (bibleenoch@yahoo.com)

To:       digitalsupport@eeoc.gov; ofo.eeoc@eeoc.gov

Date:   Tuesday, February 14, 2023 at 12:08 PM EST

Dear Digital Support:

Since 2020 I have been using the EEOC public Portal as the Complainant.
I called the EEOC Field Management Programs office yesterday (1/13/23) and
left a message. I left a message with the public portal this morning (1/14/23).

My employing agency is CBP, Customs and Border Protection
under the Department of Homeland Security.
All of my cases have DHS. DHS has many component or Agencies
i.e., FEMA, CRCL, CBP, Transportation, etc.

In the past only the Attorneys were noted as they were suppose to
represent the Agency, CBP. CBP initial tried to return
me back to work at CBP. But the Attorneys were opposed to
CBP even though the represented them. As they allowed other
office to complaint against me after I won my case in MSPB Federal Court.
I find it impossible to know if the Employing Agencies have
been notified officially, if the Attorneys are CIVIL against the agency CBP
and me. I had been in touch as Pro Se, but I am also the Appellant, thus
my contact are limited and not official to CBP unless supported by the
Attorneys or Court.

I am Requesting that CBP DFO - Miami, FL (my employment location)
and CBP Commissioner/Acting be added to each of my EEOC
current cases: 1) 2023001876
                2) 2023000701

Thank you, Marsha Payton Pro Se
1957 Charleston House Way, #7203, Holly Hill, Florida 32117
386 679-6402



# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board
1615 M Street, N.W.
Washington, D.C. 20419-0002

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

February 10, 2023

Ms. Terri Gimberere, Assistant Director     **EEOC Docket No:**   2023001876
Intake, Communication and Enforcement Division    **MSPB Docket No:**   AT-4324-20-0483-I-1
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, DC 20507

**RE**: Marsha L. Payton v. Department of Homeland Security

Dear Ms. Gimberere:

    Because the appellant in the case shown above has filed an appeal with your office, we are enclosing a copy of the Board's administrative record of the appeal.* We certify that the record is an accurate copy. This record is under my official custody and control on this date. If you have any questions regarding this record, please contact us.

    The Board keeps the record in this appeal in a system of records subject to the Privacy Act, 5 U.S.C. 552a. The record is a part of a system of records entitled "Appeal and Case Records" announced by the Board in 61 FR 33946 dated July 1, 1996 as required by the Privacy Act. An MSPB case file does not constitute a public record because of its coverage under the Privacy Act. Only MSPB initial and final decisions in a case are public records. Access to MSPB case files is controlled in accordance with the law to protect the privacy interests of the subjects and the integrity of the files.

    In your request for the record, you also asked the Board to inform you "if, and/or when a civil action or an action for review before the Federal Circuit Court in this case has been filed." We will inform you when we know that an appeal has been filed in the Federal Circuit. However, this office is not routinely informed when a civil action is filed and you may wish to contact the parties to obtain this information.

                                Sincerely,

                                /s/ for

                                Jennifer Everling
                                Acting Clerk of the Board

Enclosures:

---

* The administrative record is being made available to your office electronically pursuant to an agreement between MSPB and EEOC.

EcoCopo
202200529



# THE WHITE HOUSE

## WASHINGTON

October 20, 2022

Marsha Payton
Holly Hill, Florida

Dear Marsha,

Thank you for taking the time to write the Biden-Harris
Administration. White House staff reviewed your correspondence
and forwarded it to the appropriate Federal agency for further
action. For additional information about the Federal government in
the meantime, please visit www.USA.gov or call 1-800-FED-
INFO.

Sincerely,

The White House

THE WHITE HOUSE
WASHINGTON, DC 20500



US POSTAGE VIA PITNEY BOWES
ZIP 20500 $ 000.57⁰
02 1W
0001389733 OCT 21 2022

10/27/2022

Marsha Payton
1957 Charleston House Way #7203
Holly Hill, Florida 32117-7503



**LAURA E. ROTH**
CLERK OF THE CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT - VOLUSIA COUNTY
P.O. BOX 6043 DELAND, FLORIDA 32721-6043 - WWW.CLERK.ORG

DHS, CBP (Federal) Miami FL
PROSE-Representative

PLEASE REPLY TO:
Felony Division
P.O. Box 6043
DeLand, FL 32721-6043
(386) 736-5910

(A) EEOC FEDERAL/OPO
2022001529 - DC
510-2021-00195X - MIAMI, F

(B) Federal OWCP
062098069 - 2003
062125337 - 2004
#17-0367 - ECAB (1997-May 2008)

(C) RESIDENT Florida
Ormond Beach 08090573 - 9/28/2008

(D) BI Check - Marsha Payton - MIAMI FL (MPD)
June 24, 2022 - Volusia County
May 16, 2022 (Sheriff)

Date: June 23, 2022 recd 6/25/2022

Marsha Payton
1957 Charleston House Way #7203
Holly Hill, Florida 32117

Re: Name: PAYTON, MARSHAL
DOB: 12/22/1960
Case No.: 2009 48303 MMAES

☐ Pursuant to Florida Statute 28.24(20), a fee of $2.00 per name and for each year searched must be remitted to this office for performing this service. Upon completion of our record search, you will be provided with the associated case number(s) and litigant(s) names, if applicable.

☐ Pursuant to Florida Statutes 28.24(3) and 28.24(5), a fee of $1.00 for each page copied along with a fee of $2.00 for each document you are requesting to be certified, if any, must be remitted to this office for performing this service.

☒ Other: 6 COPIES and 4 CERTIFICATION

Please return this form along with your payment in the amount of $14.00 to the address indicated above and a self addressed stamped envelope. Upon receipt, this office will process your request as soon as possible. Checks or money orders should be made payable to the Clerk of Court. Payments must be in U.S. funds drawn on a U.S. exchange bank. Please do not send cash by mail.

... for online viewing. You ... and click "Search Now" ...

... listed above.

...H
CIRCUIT COURT
...rooke
...erk

UNITED STATES POSTAL SERVICE — CUSTOMER'S RECEIPT

SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION
NOT NEGOTIABLE

KEEP THIS RECEIPT FOR YOUR RECORDS

Pay to: P.O. Box 6043 / Felony / Traffic Division
Address: Deland, Florida 32721-6043
Clerk of the Court - 7th Judicial / Volusia County

Serial Number: 27997024050
Year, Month, Day: 2022-06-28 Post Office: 32724 Amount: $14.00 Clerk: 14
CASE: 2009-48303 MMAES

UNITED STATES POSTAL SERVICE — POSTAL MONEY ORDER

Serial Number: 27997024050

Pay to: Clerk of the Court - 7th District Circuit - Volusia County
Address: P.O. Box 6043 Felony / Traffic Division, Deland, Florida 32721-6043
From: Marsha Payton
Address: 1957 Charleston House Way #7203

# U.S. MERIT SYSTEMS PROTECTION BOARD

### Office of the Clerk of the Board
1615 M Street, NW
Washington, DC 20419

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: records@mspb.gov

**February 4, 2022**

*(Jan 26, 2021
EEOC case
2022001529 )*

**VIA EMAIL (bibleenoch@yahoo.com)**
Marsha Payton
1957 Charleston House Way #7203
Holly Hill, Florida 32117

RE:   **MSPB Tracking No.: MSPB-2022-000083**

Dear Ms. Payton:

This is in response to your request, received via email on January 28, 2022, to the U.S. Merit Systems Protection Board (MSPB) that states, "I, Marsha Payton am writing to request U.S. Merit System Protection Board Court Transcripts (MSPB) for docket No. AT-0752-05-0043-I-1, Marsha Payton v. DHS, Customs and Border Protection (CBP- Miami), January 13, 2005." We are interpreting your request as a request for the written transcript of *Marsha Payton v. Department of Homeland Security*, MSPB Docket Number AT-0752-05-0043-I-1. You previously submitted a similar request on April 12, 2018, and November 19, 2020. We provided you with a response on April 27, 2018, and December 4, 2020.

On February 3, 2022, you discussed your request with MSPB's Chief Privacy Officer and clarified that you are seeking your written transcript with a new password.

Given your status as the appellant in this matter, we are approving your request. See 5 C.F.R. § 1201.53. We are sending you, via email, a copy of the written transcript for the hearing that took place on January 13, 2005. The files are password protected and the password will be sent to you in a separate email.

You also requested that we provide copies to several non-parties. MSPB's regulations at 5 C.F.R. § 1201.53 provide that "[c]opies of recordings or existing transcripts will be provided upon request to parties free of charge." The same regulation provides information for nonparties to request a copy of the recording or existing transcript. If non-parties wish to request a copy of the recording or existing transcript, they may do so in accordance with 5 C.F.R. § 1201.53.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 SE 2nd Street, Suite 1500
Miami, FL 33131
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Miami Direct Dial: (786) 648-5790
FAX (305) 808-1758
Website: www.eeoc.gov

| | | |
|---|---|---|
| MARSHA PAYTON, | ) | EEOC No. 510-2021-00195X |
| Complainant | ) | |
| | ) | Previous EEOC No. 570-2020-01248X |
| v. | ) | EEOC Appeal No. 2020004009 |
| | ) | EEOC Recon. No. 2021000324 |
| ALEJANDRO MAYORKAS, | ) | |
| Secretary, | ) | Agency Case No. HS-CBP-00194-2020 |
| Department of Homeland Security | ) | |
| Agency. | ) | Date: December 8, 2021 |

---

### ORDER ON AGENCY'S MOTION TO DISMISS
### FOR LACK OF JURISDICTION: REQUEST TO DISPENSE
### WITH SUBMISSION OF THE CASE FILE: AND REQUEST
### TO SANCTION COMPLAINANT

The Agency filed the instant Motion on March 12, 2021. Complainant Responded on
March 13, 2021. The gravamen of the Agency's Motion is that this matter has already been
addressed by the Commission and a district court. Because of this, the Agency believes this
matter should be dismissed, and the Agency should not need to provide the Report of
Investigation again. The reason for the request for sanctions against the Complainant is that she
constantly files documents.[1]

In her Response, Complainant addresses the underlying issues in her case and not that
this matter has allegation that this matter has already been adjudicated.

Upon review, I find that this complaint raises allegations that were previously adjudicated
by the Commission and/or raised in at least one civil action filed in U.S. District Court.
Accordingly, for the reasons provided in the Agency's Motion which are incorporated herein by
reference the above-captioned case is dismissed for lack of jurisdiction. As such, the Agency
need not provide the Report of Investigation.

With respect to Sanctions, as this matter is being dismissed, the concern that Complainant
will continue to file documents should be abated. Complainant is reminded that continual filing
of documents to simply provide evidence without following Commission guidelines does not
make the submissions part of the record which will be considered.

---

[1] A review of the record in this matter establishes the amount of filings Complainant has submitted prior to this
matter being assigned to an Administrative Judge.

11/06/2021

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MARSHA L. PAYTON,**

     **Plaintiff,**

**vs.**                                    **Case No. 4:17cv204-MW/CAS**

**JOHN F. KELLY, Secretary,**
**Department of Homeland Security,**
**et al.,**

     **Defendants.**

_____/

## O R D E R

Plaintiff, proceeding pro se, initiated this case on May 4, 2017, by

filing a document which was deemed to be a complaint, ECF No. 1.

Plaintiff's motion for in forma pauperis status, ECF No. 3, was granted.

ECF No. 5.  Ultimately, Plaintiff's amended complaint, ECF No. 7, was

dismissed for failure to state a claim, and because the claims concerning

Plaintiff's 2004 termination were time barred and barred by the doctrine of

res judicata.  ECF Nos. 10, 14.  Judgment was entered on July 12, 2017.

ECF No. 13.

Plaintiff was denied leave to proceed in forma pauperis on appeal

because her appeal was "so clearly unfounded," and Chief Judge Mark E.

Walker found the appeal was "not taken in good faith." ECF No. 16 at 2.

The Eleventh Circuit Court of Appeals also denied Plaintiff leave to

proceed in forma pauperis, ECF No. 25, and then affirmed the dismissal of

Plaintiff's amended complaint. ECF No. 48. The mandate was entered on

November 1, 2018. ECF No. 51.

Beginning in January 2019, Plaintiff began filing a barrage of

documents in this Court. ECF Nos. 53-102, 104-123. She has bombarded

this Court with filings, sending everything from letters to emails to notices.

Those documents have arrived with frequency, beginning just once a

month throughout most of 2019, but increasing to three times or more a

month since then. *See* ECF Nos. 63-65, 66-68, 74-80, 87-93, 98-102. In

February 2021, Judge Walker enter an Order in response to Plaintiff's

request for status, ECF No. 102, advising Plaintiff that this case had been

dismissed, affirmed on appeal, and there was nothing left "for this Court to

do." ECF No. 103. Again, the Clerk was directed to close the file. *Id.* at 2.

Case No. 4:17cv204-MW/CAS

Case 1:23-cv-21444-CMA   Document 1-2   Entered on FLSD Docket 04/17/2023   Page 18 of 30
Case 4:17-cv-00204-MW-CAS   Document 124   Filed 10/28/21   Page 3 of 3

Page 3 of 3

Undeterred, Plaintiff has continued to file a multitude of letters, emails, and notices on a monthly basis.  ECF Nos. 104-123.  This practice must stop.  This case is closed and Plaintiff must cease sending documents to this Court.  NO further documents will be accepted from Plaintiff for filing in this case.  If Plaintiff continues to do so, the document will be returned to her, but only once.

Accordingly, it is

**ORDERED:**

1.  Plaintiff must not submit any further document to this Court to be filed in this closed case.

2.  Because this case is closed, if any further document is received, it will be returned to Plaintiff without filing.

**DONE AND ORDERED** on October 28, 2021.


**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


Case No. 4:17cv204-MW/CAS

U.S. District Court - Southern District of Florida

1/30/2021

Marsha L. Payton
1957 Charleston House Way
#7203
Holly Hill, FL 32117

Case: 1:15-cv-24573-KMW  #52       2 pages       Wed Jan 27 14:22:38 2021

CASE CLOSED December 2015

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

Note: This is NOT a request for information.

Do NOT include personal identifiers in documents filed with the Court, unless
specifically permitted by the rules or Court Order. If you MUST include personal
identifiers, ONLY include the limited information noted below:
• Social Security number: last four digits only
• Taxpayer ID number: last four digits only
• Financial Account Numbers: last four digits only
• Date of Birth: year only
• Minor's name: initials only
• Home Address: city and state only (for criminal cases only).

Attorneys and parties are responsible for redacting (removing) personal identifiers from
filings. The Clerk's Office does not check filings for personal information.
Any personal information included in filings will be accessible to the public over the
internet via PACER.

For additional information, refer to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.
Also see the CM/ECF Administrative Procedures located on the Court's website
www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing
pro hac vice must file, in each pending case, a notice of change of mailing address or
contact information whenever such a change occurs. If court notices sent via the U.S. mail
are returned as undeliverable TWICE in a case, notices will no longer be sent to that party
until a current mailing address is provided.

IMPORTANT:  ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE

Additional days to respond may be available to parties serviced by non-electronic means.
See Fed.R.Civ.P.6(d), Fed.R.Crim.P.45(c) and Local Rule 7.1(c)(1)(A). Parties are
advised that the response deadlines automatically calculated in CMECF do NOT account
for and may NOT be accurate when service is by mail.  Parties may NOT rely on response
times calculated in CMECF, which are only a general guide, and must calculate response
deadlines themselves.
                        See reverse side

Subject: Activity in Case 1:15-cv-24573-KMW Payton v. Department of Homeland Security, Customs and Border Protection Clerk's Notice (Other)

This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 1/27/2021 2:01 PM EST and filed on 1/27/2021

Case Name: Payton v. Department of Homeland Security, Customs and Border Protection

Case Number: 1:15-cv-24573-KMW

Filer:

WARNING: CASE CLOSED on 12/21/2015

Document Number: 52

52(No document attached)

Docket Text:
CLERK'S NOTICE re [50] Consent by Pro Se Litigant (Non-Prisoner) to receive Notices of Electronic Filing - Consent Form is INCOMPLETE (Email address not included on form and boxes not checked/certified). (bb)

**Department of Labor**
Office of the Assistant Secretary for
Veterans' Employment & Training Service
61 Forsyth Street SW, Suite 6T85
Atlanta, GA 30303
Telephone: (404) 665-4330

January 7, 2020    *Rec'd*
*Jan 10, 2020*

Marsha Payton
1957 Charleston House Way
Holly Hill, FL 32117

Re:    *Marsha Payton v. Department of Homeland Security*
       USERRA Case No.: FL-2020-00005-30-N-R

In accordance with Section 4323 of Title 38, U.S.C., Chapter 43, your above-referenced claim
was referred to the U.S. Office of Special Counsel (OSC) on June 6, 2019.

Future correspondence on this matter should be addressed to:

Patrick Boulay, Esq.                    → *March 10 2020/ Withdrew*    *MMay 19 2020*
Chief, USERRA Unit                                                     *Office MSPB Docket*
U.S. Office of Special Counsel                                         *AT-4324-20-0483-I-1*
1730 M Street, N.W., Suite 218                                         *May 16, 2020*
Washington, DC 20036-4505

OSC will decide whether to provide legal representation to you, and that office must advise you    *to serve*
in writing of its decision within 60 days after it receives the case from us, unless you agree to   *as*
extend this deadline.                              *6:21-CV-96-Orl-78DCI*                            *Military*
                                                   *(concurrent jurisdiction)*                       *Attorney,*
Sincerely,                                         *August 25, 2021*                                 *not Civilian,*
                                                   *Represents MSPB/me*
                                                                       *me*
                                                                       *Marsha Payton*

John Savage
Regional Administrator

                                                   *COVID19 Pandemic*
                                                   *March 13, 2020 — current (2021)*

U.S. Department of Labor

Veterans Employment and Training Service
Washington, D.C. 20210
PO Box 56105
Saint Petersburg, FL 33732
Phone: 727-608-2495
Email: spry.craig@dol.gov

VA/6467

October 25, 2014 (2019)

recd
Oct 31, 2019

UPS Tracking
1Z X67 21W 02 9416 2990

Ms. Marsha Payton
1957 Charleston House Way
Holly Hill, FL 32117

Payton, Marsha
FL-2020-00005-30-N

Dear Ms. Payton:

This agency has reviewed facts related to your claim against Department of Homeland Security under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Based on the information we have compiled, we have not found you to be eligible for under USERRA based on the fact that you never served in the Uniformed Services.

If you have any evidence to refute this finding, please contact this office so that we can discuss that evidence.

In reviewing your claim it is apparent that your claim should be taken to the appropriate Investigative agency. It is recommended that you file a claim with Office of Special Counsel (OSC) for their consideration of action.

You have the right to request a referral of your claim to the U.S. Attorney General. If the Attorney General is reasonably satisfied that you are entitled to the relief sought, the Attorney General may appear on your behalf and initiate an action regarding your complaint before a district court of the United States. You also have the right to seek private counsel at your own expense, or to file a lawsuit against the employer in a court of competent jurisdiction.

If you elect to have your claim referred, you must send VETS a written referral request, along with proof of Uniformed Services past or present membership. The request must include your name, address, phone number, name of employer and your USERRA case number (provided above). We recommend you mail or fax your referral request at your earliest convenience. Referral requests are sent to:

Craig Spry

# LAW OFFICE OF RICHARD C. MAHLER, P.A.



July 15, 2019

**VIA E-MAIL ONLY**

Marsha Payton
1957 Charleston House Way, Apt. 7203
Holly Hill, FL 32117
bibleenoch@yahoo.com

Re: Marsha Payton v. DHS, Case No. AT-0752-05-0043 (USMSPB)(2005); Payton v. DHS, CPB, Case No. 17-13621-AA (11th Cir); Payton v. DHS, Case No. 4:17-CV-00204 (N.D. FL 2017); et al. all regarding termination of federal employment from DHS/Homeland Security in 2004

Ms. Payton:

Thank you for the opportunity to review your case and the various documents you provided to my office for review which included, but was not limited to, various court orders from various courts (administrative, MSPB, N.D. FL and 11th Circuit Court of Appeals. After reviewing all of the preceding documentation, I regret to inform you that I must decline to represent you regarding the above-referenced matter that we discussed in greater detail at my office on July 12, 2019. As such, I will take no further action on your behalf.

Based on my review of the matter, I cannot represent you. Nevertheless, you may have viable legal rights or interests that require legal representation.

Accordingly, I suggest you contact another law firm or the Lawyer's Referral Service in order to obtain *legal representation* as soon as possible.

You should contact another attorney immediately with any questions that you may have regarding this legal matter and *any statute of limitations or other* time limits that may be applicable or were addressed in the various court orders/decisions noted above.

This letter also confirms that I have not advised you to take any specific actions concerning the legal matter. I have not advised, suggested or made you settle this legal matter since I have not acted as your attorney. Furthermore, this letter confirms my position that you should not drop this legal concern just because I have not taken the case.

142 SOUTH BEACH STREET, SUITE 310 • DAYTONA BEACH, FLORIDA • 32114
PHONE: (386) 882-7999

# United States Department of Labor
## Employees' Compensation Appeals Board

| | |
|---|---|
| M.P., Appellant | ) |
| | ) |
| and | ) |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| U.S. CUSTOMS & BORDER PROTECTION, | ) |
| Miami, FL, Employer | ) |
| | ) |

Docket No. 17-0367
Issued: March 12, 2018

*Appearances:*
*Appellant, pro se*
*Office of Solicitor,* for the Director

*Case Submitted on the Record*

## DECISION AND ORDER

### Before:
CHRISTOPHER J. GODFREY, Chief Judge
ALEC J. KOROMILAS, Alternate Judge
VALERIE D. EVANS-HARRELL, Alternate Judge

### *JURISDICTION*

On December 7, 2016 appellant filed a timely appeal from a November 17, 2016 nonmerit decision of the Office of Workers' Compensation Programs (OWCP). As more than one year has elapsed since the last merit decision dated June 25, 2008,[1] to the filing of the current appeal, pursuant to the Federal Employees' Compensation Act[2] (FECA) and 20 C.F.R. §§ 501.2(c) and 501.3, the Board lacks jurisdiction over the merits of this case.[3]

---

[1] For final adverse decisions of OWCP issued prior to November 19, 2008, the Board's review authority is limited to appeals which are filed within one year from the date of issuance of OWCP's decision. *See* 20 C.F.R. § 501.3(d)(2) (2008).

[2] 5 U.S.C. § 8101 *et seq.*

[3] Appellant filed a timely request for oral argument, pursuant to 20 C.F.R. § 501.5(b). After exercising its discretion, the Board, by a May 8, 2017 order, denied her request, noting that her arguments on appeal could be adequately addressed in a decision based on a review of the case record as submitted. *Order Denying Request for Oral Argument,* Docket No. 17-0367 (issued May 8, 2017).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-24573-CIV-WILLIAMS

MARSHA L. PAYTON,

     Plaintiff,

vs.

JEH JOHNSON, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY
(CUSTOMS AND BORDER PROTECTION),

     Defendant.

_____/

## ORDER DISMISSING CASE

THIS MATTER is before the Court upon a *sua sponte* review of the complaint

(DE 1) and Plaintiff's motion to proceed *in forma pauperis* (DE 4). The Court has

reviewed the complaint and the motion.[1]  Plaintiff Marsha Payton, proceeding *pro se*

and *in forma pauperis*, brings this action against the Department of Homeland Security.

(DE 1). Plaintiff complains of her "Fraudulent Removal" from a position with U.S.

Customs and Border Protection. (DE 1 at 12–13).

Plaintiff's motion to proceed *in forma pauperis* is defective; she has not

completed or signed the form-motion. (DE 4). In addition, because Plaintiff seeks to

proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) are

[1] The civil cover sheet filed with the complaint indicates that this case is related to a case that was removed from state court in 2004 and remanded by Judge Hurley *sua sponte*. *See Payton v. Ramirez*, No. 04-61450-CIV-HURLEY; DE 6 (S.D. Fla. Nov. 12, 2004). However, the more than 100 pages of exhibits attached to the complaint indicate that in the 11 years since Judge Hurley considered the case and found that Plaintiff's pleading "fail[ed] to even remotely raise substantial questions of federal law," Plaintiff has raised the same claims in myriad venues including the Equal Employment Opportunity Commission, the Merit Systems Protection Board, the U.S. Court of Appeals for the Federal Circuit, and the Supreme Court of the United States. *Payton*, No. 04-61450-CIV-HURLEY, DE 6 at 4; DE 1-2 at 17, 39, and 51–52. The record supplied to the Court demonstrates that every justice, judge, administrator, commission, and board to consider Plaintiff's arguments has found them lacking. *Id.*



**U.S. Customs and Border Protection**

AUG 1 8 2011

*PM 8/23/11*
*Rd 8/25/11*

Ms. Marsha Payton
1957 Charleston House Way
Holly Hill, FL 32117

Dear Ms. Payton:

Thank you for your August 1, 2011 correspondence to U.S. Customs and Border Protection Commissioner Alan Bersin and Department of Homeland Security Secretary Janet Napolitano regarding your settlement proposal to be reinstated to your former position with U.S. Customs and Border Protection (CBP). I was asked to respond on their behalf.

As you are aware, you were removed from your position and from Federal employment on September 15, 2004. You exercised your right to appeal your removal to the Merit Systems Protection Board (MSPB). An MSPB administrative judge upheld CBP's decision to remove you, and your petition for review of that decision was denied by the full Board. Subsequently, you filed four other appeals with MSPB, all of which were dismissed for lack of Board jurisdiction. As has been stated to you previously, you have exhausted all of your rights to appeal your removal.

Additionally, you were advised in a letter from me dated August 27, 2010 concerning the status of your Office of Workers' Compensation Program (OWCP) claims; specifically, that your claim dated September 30, 2003 was accepted for medical coverage only. Your August 4, 2004 claim was denied in its entirety, as were your two scheduled award claims filed on September 27 and November 3, 2006.

This agency has responded to multiple requests from you to reinstate you to employment with CBP, and the answer has remained the same. CBP is under no legal obligation to restore you to duty and will not be doing so.

This letter is intended to serve as the final response to all requests regarding your OWCP claims or your reinstatement to CBP. I recognize that this is not the response you were hoping for, and I wish you success in your future endeavors.

Sincerely,

*Christine E. Gaugler*

Christine E. Gaugler
Assistant Commissioner
Office of Human Resources

Page 2 of 2

...n: SEPARATION: Whether the claimant was discharged for misconduct connected with work ...nly left work without good cause as provided in Sections 443.101(1), (9), (10), (11), 443.036(29) ...da Statutes; and Rule 60BB-3.020, Florida Administrative Code.

...ONAPPEARANCE: Whether there is good cause for proceeding with an additional hearing pursuant to Rules ...BB-5.016 and 5.017, Florida Administrative Code.

...ndings of Fact: The claimant filed for unemployment compensation benefits effective Septem... ...1 December 13, 2004, a claims adjudicator issued a determination finding the claimant ...4. ...employment compensation benefits. The employer appealed that determination. An appeals hearing ...eduled for February 9, 2005. The claimant received the determination but failed to open that letter and two ...er letters from the Agency for Workforce Innovation. The claimant was busy resolving some other business ...tters.

...1 February 17, 2005, a decision was entered by the appeals bureau finding the claimant ineligible to receive ...employment compensation benefits in case docket No. 2005-2005-1746F (February 17, 2005). ...2005, the claimant went to a tax preparer. At that time, the claimant opened the three letters from the ...ency for Workforce Innovation. The claimant found out that there was a hearing on February 9, 2005, which ... claimant failed to attend because he failed to open the letter.

...nclusions of Law: Good cause for failure to attend a scheduled hearing is any cause which ... ...itional hearing is reasonably necessary ...vious decision shall be reinstated.

... record reflects the claimant failed to a... ...ce of hearing. Under the circumstan... ...mant's failure to attend the scheduled ... ...nant's failure to attend the scheduled ... ...onable under the circumstances. Acco... ...NSTATED. The claimant is disqualif... ...wing weeks, and until earning $4,675.0...

...is to certify that a copy of the abov... ...ed to, the last known address of each ... ...pril 1, 2005.

_Josefina B. Rodriguez_
JOSEFINA B. RODRIGUEZ

...questions related to benefits or clai... ... at (850) 921-3478(866) 778-7356.

AGENCY FOR WORKFORCE INNOVATION
Office of Appeals
SUITE 100
2660 WEST OAKLAND PARK BLVD
FORT LAUDERDALE FL 33311-1346

IMPORTANT: Have this translated immediately -- limited time to appeal
IMPORTANTE: [Tenga esto traducido inmediatamente -- tiempo limitado para apelar]
EMPOTAN: Tradui sa-a tou suit -- tan limité pouñ appeal la!

SSN: 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
Docket No: 2005-15253F

Jurisdiction: §443.151(4)(d)&(b) Florida Statutes

CLAIMANT/Appellee
MARSHAL PAYTON
733 NW 103 TERRACE #104
PEMBROKE PINES FL 33026

Account No.: 9998410
EMPLOYER/Appellant
DEPARTMENT OF TREASURY
C/O THE FRICK COMPANY /TALX
PO BOX 66945
ST LOUIS MO 63166-6945

DEPARTMENT OF TREASURY
C/O CUSTOMS BORDER PROTECTION** JOSE RAMIREZ
1500 PORT BLVD
MIAMI FL 33132

APPEARANCES:

1st Hearing: EMPLOYER
2nd Hearing: CLAIMANT & EMPLOYER

LOCAL OFFICE #: 3683-0

## NOTICE OF REINSTATED DECISION OF APPEALS REFEREE

IMPORTANT - APPEAL RIGHTS: This decision will become final unless a written request for review or reopening is filed within 20 calendar days after the mailing date shown. If the 20th day is a Saturday, Sunday or holiday defined in F.A.C. 60BB-5.004, filing may be made on the next day that is not a Saturday, Sunday or holiday. If this decision disqualifies and/or holds the claimant ineligible for benefits already received, the claimant will be required to repay those benefits. The specific amount of any overpayment will be calculated by the Agency and set forth in a separate overpayment determination. However, the time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order.

A party who did not attend the hearing for good cause may request reopening, including the reason for not attending, at www.fluidnow.com/appeals or by writing to the address at the top of this decision. The date the confirmation number is generated will be the filing date of a request for reopening on the Appeals Web Site.

A party who attended the hearing and received an adverse decision may file a request for review to the Unemployment Appeals Commission: 300 Webster Building, 2671 Executive Center Circle West; Tallahassee, Florida 32399-0681 (Fax: 850-488-2123). If mailed, the postmark date will be the date of filing. If faxed, the date the fax is received will be the date of filing. To avoid delay, include the docket number and claimant's social security number on all correspondence. Parties requesting review by the Commission are requested to specify any and all allegations of error with respect to the referee's decision, and provide factual and/or legal support for these challenges. Allegations of error not specifically set forth in the request for review may be considered waived.



**SOUTH FLORIDA FEDERAL EXECUTIVE BOARD**
**Shared Neutrals ADR Program (SNAP)**
440 Sawgrass Corporate Parkway, Suite 212
Sunrise, Florida 33325
Telephone: (954) 846-8248
Fax: (954) 846-9260
www.miami.feb.gov

**OFFICERS**

Chair
Cris Castillo
DHS/Citizen & Immigration
Services

Vice-Chair
Nitza Santos Wright
U.S. Equal Employment
Opportunity Commission

Secretary
Jocelyn Falcon
Veterans Affairs

Shared Neutral ADR
Coordinator
Dorothy L. Jenkins
Federal Executive Board

**COUNCIL
MEMBERS**

Magaly Alino
DHS/Customs and Border
Protection

Commander James Carlson
U.S. Coast Guard

Janice Costa
Veterans Affairs

Gilbert Escudero
Federal Mediation & Conciliation
Service

Theresa Fitzpatrick
U.S. Southern Command

Howard Friedman
Department of
Commerce/NOAA

Laura Gooch
U.S. Army Garrison, Miami

Dottie Johnson
U.S. Postal Service

Advisor
Patrick Kokenge, Chief Judge
EEOC

Jaqueline H. Arroyo
FEB Executive Director

February 17, 2005
Marsha Payton
733 NW 103rd Terrace, #104
Pembroke Pines, FL 33026

Re: Marsha Payton
EEOC Case No. 150-2000-00157X
& 00158X

ADR # 005-030

Dear Ms. Payton:

Thank you for agreeing to utilize the Shared Neutral ADR Program (SNAP) sponsored by the South Florida Federal Executive Board. The mediation for has been scheduled to be held at the office of the South Florida Federal Executive Board (FEB), at 440 Sawgrass Corporate Parkway, suite 212, Sunrise, FL 33325, on February 24, 2005 at 9:00 am. Parking is available.

The mediators are as follows:

   Dorothy Johnson – Lead Mediator
   Cheri Kenyon – Co-mediator

A mediator and co-mediator conduct the SNAP mediations. A typical mediation may also include an observer. As part of a mediator's training, a number of actual mediations must be observed. An observer in these cases is optional. You may choose not to allow them at your mediation, however it is important that you know it is our method of training new mediators and would appreciate you allowing their presence.

Should you need additional information, please do not hesitate to call me at (954) 846-8248.

Sincerely,

Dorothy L. Jenkins
Shared Neutrals/ADR Coordinator
South Florida Federal Executive Board

It is only through a team effort with each of us pitching in,
that we can keep this network active to achieve success.



U.S. Customs and
Border Protection

JAN 19 2005

MI-2004-1241

Marsha Payton
P. O. Box 970425
Coconut Creek, FL 33097

RE:    Payton v. Ridge, EEOC Case No. 150-2005-00157X; 150-2005-00158X

Dear Ms. Payton:

Pursuant to the Acknowledgement Order dated December 10, 2004, please
consider this a contact by the Agency for the purposes of discussing settlement
and of defining the claims presented in this matter. I am making this contact just
beyond the 30 calendar days set in the order because both you and the Agency
have been involved in other conflicts, including your MSPB hearing on January
13 and the hearing yesterday on your request for a restraining order against an
Agency employee.

I welcome a call from you to discuss these matters. However, I know that you
will be working on answers to the Interrogatories that I sent in this case, and that
you may not have time to discuss these issues until after your answers are due
at the beginning of February. If I do not hear from you within the next three
weeks, I will send you a written statement of the claims presented, as the Agency
understands them, and will list the facts that the Agency believes should be
agreed to by stipulation.

The Agency remains prepared to consider settlement of all claims against it as
was discussed in the Agency's pre-hearing submission in the MSPB case.

Sincerely,

Rebecca A. Laws
Agency Representative

```
        LEONA HAYNES at CMC-MIAMI-1
           1/31/03  4:01 PM
Priority: Urgent
Receipt Requested
TO: MARSHA PAYTON at PORT-MIAMI-1_PO
CC: GREGORY MCCANN at USCUSTOMS
Subject:
-------------------------- Message Contents --------------------------
```

Marsha,

This is notify you that a meeting is scheduled for Wednesday, February
12, 2003, at 10:00 am in the Port Director's office to discuss your
duties and responsibilities for providing administrative services
within the Port and my role as your supervisor.  Mr. Greg McCann will
also be in attendance.   You are expected to attend this meeting.

Any issues or concerns that you may have can be raised at this
meeting.  Please confirm your attendance for the meeting.

Leona

